# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michael Hartman,** | CASE NO. 1: 18 CV 1060 |
| **Plaintiff,** | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | <u>Memorandum of Opinion and Order</u> |
| **Sheriff Clifford Pickney,** *et al.*, | |
| **Defendants.** | |

## Background

*Pro se* Plaintiff Michael Hartman has filed an *in forma pauperis* civil rights complaint in this action pursuant to 42 U.S.C. § 1983 against Cuyahoga County Sheriff Clifford Pickney, the Warden of the Cuyahoga County Jail, Cuyahoga County Prosecutor Michael O'Malley, three lawyers appointed to represent him in a state criminal case (Donald Butler, Richard Agopian, and Donald S. Tittle), his "accuser-victim" Melissa Loomis, and staff of Signature Health. (Doc. No. 1 at 2, 4.) With his complaint, he has also filed a Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2254. (Doc. No. 1-1.)

In his complaint and petition, the plaintiff asserts constitutional rights violations and state law claims in connection with the state criminal proceeding against him in *State of Ohio v. Michael Hartman*, CR-17-618868-A, Cuyahoga County Court of Common Pleas. The plaintiff was charged in the case with felonious criminal assault in connection with an altercation with Melissa Loomis in June 2017.

In his complaint, the plaintiff contends he "should have been charged with domestic violence" in the criminal case but was "over indicted" by the prosecutors [and] grand jury"

based on a "false statement" by his accuser. (Doc. No. 1 at 5, 6.) He contends evidence that "could have helped [his] case" was lost or destroyed, that he was "denied [his] right to talk to proper authorities," and that all three of his court-appointed lawyers failed to properly represent him. As a result, he contends he was denied a bond reduction and a fair and speedy trial. (*Id*. at 5.) In addition, he alleges he was "neglected," "ignored," and denied proper medical, mental, and dental treatment by "staff" of Signature Health while detained in the Cuyahoga County Jail. (*Id.* at 5, 6.) He states he seeks to "be compensated for all [he has] had to deal with." (*Id.* at 6.) The Civil Cover Sheet he filed indicates he seeks five million dollars in damages.

The plaintiff's *habeas corpus* petition sets forth one ground for relief: that his court-appointed lawyers violated his constitutional rights by failing to demand a speedy trial as he requested and because he had "never been to a pre-trial like [he] asked." (Doc. 1-1 at 5.) He does not seek any specific relief in his petition.

At the time he filed this action, the plaintiff was a pre-trial detainee in the Cuyahoga County Jail. On May 31, 2018, he pled guilty to attempted felonious assault in his state criminal case and was sentenced to a four-year term of imprisonment. He is now incarcerated in the Lorain Correctional Institution.

**Standard of Review**

Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment generally accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and prisoner actions seeking redress from governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, a complaint may be dismissed for failure to state a claim if "it fails to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Twombly*, 550 U.S. at 555.

District courts also conduct initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, a court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

**Analysis**

Upon review, the Court finds that the plaintiff's complaint, and his petition, must be dismissed.

In order to state a claim for relief under § 1983, a plaintiff must show that he suffered a Constitutional rights violation committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). The plaintiff's complaint fails to allege a plausible claim under § 1983 against any defendant in the case.

First, the plaintiff's complaint is devoid of specific allegations of misconduct on the part of Cuyahoga County Sheriff Pickney and the Warden of the Cuyahoga County Jail. At the most, the plaintiff's complaint suggests he seeks to hold these defendants liable solely on the basis of their supervisory positions, or because they denied or ignored administrative grievances he filed. (*See* Doc. No. 1 at 7, ¶ E.) It is well-established, however, that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior*, or because they failed to remedy a subordinate's unconstitutional conduct or denied an administrative grievance. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Rather, to hold a supervisor liable, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The plaintiff has not alleged facts supporting plausible inferences that Sheriff Pickney or the Cuyahoga County Jail Warden encouraged or directly participated in a violation of his constitutional rights.

Second, the plaintiff has alleged no plausible claim against Prosecutor O'Malley, as his allegations suggest only that he seeks to hold O'Malley liable for his conduct in prosecuting the

-4-

plaintiff. The Supreme Court has clearly held that a "prosecutor is immune from a civil suit for damages" under § 1983 for conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Third, the plaintiff has alleged no plausible claim under § 1983 against his court-appointed attorneys or his "accuser-victim." "It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983." *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009), citing *Polk County v. Dodson*, 454 U.S. 312 (1981). Private parties are not subject to suit for constitutional violations "no matter how discriminatory or wrongful" their conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Accordingly, in *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009), the Sixth Circuit held that an arrestee could not maintain a § 1983 action against a private citizen who accused him of sexual assault, provided information to the police, and offered testimony at his criminal trial.

Fourth, to the extent the plaintiff purports to allege constitutional claims pertaining to the medical care he received during his detention at the Cuyahoga County Jail, his allegations are insufficient to suggest a plausible constitutional deprivation. The plaintiff alleges that Signature Health staff "ignored" and "neglected" his medical needs while he was detained in the Cuyahoga County Jail and denied him all the treatment he requested, including an X-ray. (Doc. No. 1 at 6, ¶ V). But failure to provide adequate medical treatment to a prisoner rises to the level of a constitutional violation when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Allegations of medical malpractice or negligent diagnosis and treatment fail to state such a claim. *Jennings v.*

*Al-Dabagh*, 97 F. App'x 548, 549–50 (6th Cir. 2004). To establish a constitutional claim, a prisoner must allege facts demonstrating both that he suffered from an objectively serious medical condition that posed a "substantial risk of serious harm" to him, and, that a prison official acted with subjective deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Deliberate indifference "cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). Instead, a plaintiff must show the prison official "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

The plaintiff's sparse, and purely conclusory allegations that staff of Signature Health "ignored" and "neglected" his medical, mental, and dental needs while he was detained in the Cuyahoga County Jail and refused his request for an X-ray are insufficient to support a plausible constitutional claim. His allegations do not support plausible inferences (1) that any condition he had constituted a serious medical need or condition and (2) that any prison medical staff member had the requisite subjective state of mind to demonstrate deliberate indifference. At the most, his allegations suggest negligence on the part of prison medical staff, or that he was dissatisfied with the treatment he received. It is well-established that a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim").

Finally, to the extent the plaintiff purports to seek damages under § 1983 on the ground that he did not receive a constitutionally-fair trial in his state criminal case, he has not asserted a cognizable claim under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that in to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a §1983 plaintiff must first prove that the conviction or sentence at issue was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of *habeas corpus*. *Id*. at 486–87. The plaintiff has not alleged or demonstrated that his conviction has been invalidated or called into question in any of the ways articulated in *Heck*.

Accordingly, for the foregoing reasons, the plaintiff has not alleged a cognizable claim on which he may be granted relief under § 1983 and his federal civil rights complaint must be dismissed. In the absence of a viable federal claim, this Court will not assert supplemental jurisdiction over any state-law claim the plaintiff may also be asserting. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims").

The plaintiff's *habeas corpus* petition must also be dismissed. Although a federal *habeas corpus* petition may be filed to demand a speedy trial in a state case, to do so, a petitioner must first exhaust his available state remedies on the issue. *See Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011). The plaintiff's petition does not demonstrate he exhausted state remedies with respect to any demand he may have made for a speedy trial in his criminal case. Moreover, now that the plaintiff has been convicted in the case pursuant to a guilty plea and sentenced, any demand for a speedy trial he may be making in his petition is now moot. In order to challenge the validity of his conviction or sentence (on the

basis of violation of his speedy trial rights or otherwise) through *habeas corpus*, he must demonstrate that he has fully exhausted his constitutional claims in the Ohio courts. *See* 28 U.S.C. § 2254(b)(1)(A).

**Conclusion**

For all of the reasons stated above, the plaintiff's civil rights complaint and his *habeas corpus* petition in this matter are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and Rule 4 of the Rules Governing Section 1983 Cases. This dismissal is without prejudice to any state-law claims the plaintiff alleges in his civil rights complaint. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b).

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 9/10/18